IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZUMAR H. DUBOSE** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-4374 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                                          JANUARY 9, 2024

Zumar H. DuBose, a convicted prisoner housed at FDC–Philadelphia, has filed this action raising claims under the Federal Tort Claims Act ("FTCA") seeking monetary damages. DuBose also seeks leave to proceed *in forma pauperis*. For the reasons set forth, the request to proceed *in forma pauperis* will be granted and DuBose's complaint will be dismissed.

**I.       BACKGROUND AND FACTUAL ALLEGATIONS**[1]

DuBose along with his two codefendant brothers, Kariem DuBose and Abdush DuBose, was found guilty by a jury on May 8, 2023, of criminal charges consisting of mail fraud, bank fraud, wire fraud, and conspiracy to commit money laundering. *United States v. DuBose*, 20-CR-453 (E.D. Pa.). Post trial motions were denied on November 13, 2023, but sentencing on those charges remains pending. *See id.*, ECF No. 309 (setting forth the history of pretrial proceedings,

---

[1] The facts set forth in this Memorandum are taken from DuBose's Complaint (ECF No. 2) and from publicly available judicial records the Court may consult when conducting a statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)). Notably, the Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

during which DuBose was both represented by court appointed counsel and acted *pro se* and adjudicating post-trial motions).

DuBose's FTCA claims all arise from his criminal proceeding.  Briefly stated, Dubose alleges that (1) the United States Attorney for the Eastern District of Pennsylvania acted willfully, negligently and wrongfully in making statements about his crimes during the various phases of his criminal trial while presenting the Government's case, (Compl. at 5-14); (2) the Honorable Wendy Beetlestone, the presiding judge at the trial, acted willfully, negligently, and wrongfully in forcing DuBose to forego acting as his own attorney and accept representation by the Federal Public Defender, in forcing him to enter a not guilty plea, by improperly exercising jurisdiction, in ordering the United States Marshal to detain him at FTC-Philadelphia, by misrepresenting facts during the trial and in court decisions, and by forcing him to go to trial, (*id*. at 3-4, 15-18, 21-23, 25-26, 28); (3) the United States Marshal acted willfully, negligently, and wrongfully in following Judge Beetlestone's order to detain him (*id*. at 19); (4) the Federal Public Defender acted willfully, negligently, and wrongfully in the way he was represented (*id*. at 24); and (4) United States Magistrate Judges in both the Eastern District of Pennsylvania and the District of New Jersey acted willfully, negligently, and wrongfully in issuing search warrants (*id*. at 27).  DuBose seeks $100,000,000 in damages.  (*Id*. at 1.)

## II.     STANDARD OF REVIEW

The Court will grant DuBose leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim.  The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2]     Though DuBose is a prisoner, he must still pay the full amount of the filing fee for this case in installments as required by the Prison Litigation Reform Act.

(quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because DuBose is proceeding *pro se*, this Court construes the allegations of his Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

DuBose brings this action under the FTCA. The FTCA is a limited waiver of sovereign immunity, which makes the United States liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. *See United States v. Orleans*, 425 U.S. 807, 813 (1976). FTCA claims are governed by state law. *DeJesus v. U.S. Dep't of Veterans Affs.*, 479 F.3d 271, 279 (3d Cir. 2007) ("Because the liability of the United States under the FTCA is determined by the law of the state where the allegedly tortious act occurred, 28 U.S.C. § 2674, we will look to the state courts to determine how to resolve the underlying legal issues.")

The United States, however, is liable only "in the same manner and to the same extent as a private individual under like circumstances," and is only liable under the FTCA to the limited extent that it has waived sovereign immunity. 28 U.S.C. §§ 1346(b), 2674. Further, the United States is entitled "to assert any defense based on judicial or legislative immunity which otherwise would have been available to the employee of the United States." 28 U.S.C. § 2674. In other

3

words, the FTCA allows the United States to rely upon the immunities of its employees. *See id*. § 2674 (related to "judicial immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (referring to prosecutorial immunity as "quasi-judicial immunity").

### A.     *Claims involving Judges*

DuBose's FTCA claims involving Judge Beetlestone's actions in his criminal proceeding, including her ordering the United States Marshal to detain him at FTC-Philadelphia, as well as his claims against the United States Magistrate Judges for issuing warrants, are not plausible because these claims are precluded by judicial immunity. *See Talley v. Savage*, No. 22-4186, 2022 WL 17573403, at *6 (E.D. Pa. Dec. 8, 2022) ("Talley's FTCA claims [involving acts of federal district judge] are legally baseless because they are precluded by judicial immunity.") (citing *Kight v. U.S. Dist. Ct., N. Dist. of Ga.*, 681 F. App'x 882, 884 (11th Cir. 2017) (*per curiam*)).

Under the law of Pennsylvania applicable to the FTCA claim, "judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person." *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. Ct. 2011) (citing *Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. Ct. 1987), *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (holding that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction)). Since Judge Beetlestone and the United States Magistrate Judges were performing judicial acts in a case in which they unquestionably had jurisdiction, Dubose's claims against them are dismissed with prejudice

B.   *Claims involving the United States Marshal*

DeBose's FTCA claim involving the United States Marshal detaining him pending his trial pursuant to Judge Beetlestone's Order is also dismissed with prejudice. Under Pennsylvania law, the United States Marshal or his equivalent state official, the town constable, would be entitled to quasi-judicial immunity for his role in executing a valid court order. *See Reuben v. O'Brien,* 496 A.2d 913 (Pa. Cmmw. Ct. 1985) (judicial immunity extended to township constable whose actions were taken at direction of district judge); *see also Muhammad v. U.S. Marshals Service*, 385 F. App'x 70, 73 (3d Cir. 2010) (holding district court did not err in granting motion to dismiss filed by of U.S. Marshals Service on immunity grounds for deputy marshal's role in effectuating a federal writ of *habeas corpus ad prosequendum*) (citing *Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003)); *Bowers v. United States*, 931 F. Supp. 2d 358, 367-68 (D. Conn. 2013) (deputy marshals who were present at plaintiff's residence and workplace to execute a valid court order constituted conduct that had "'an integral relationship with the judicial process'" and thus, they were entitled to quasi-judicial immunity) (quoting *Roland v. Phillips*, 19 F.3d 552, 556 (11th Cir. 1994) (holding that "law enforcement personnel, acting in furtherance of their official duties and relying on a facially valid court order, are entitled to absolute quasi-judicial immunity").

C.   *Claims involving Prosecutors*

The prosecutorial immunity afforded to individual prosecutors extends to the United States in FTCA actions. *See Doe v. U.S.*, 829 F. Supp. 59, 60 (S.D.N.Y. 1993); *Bhatia v. Corrigan*, No. 07-2054. 2007 WL 4365477, at *4 n.4 (N.D. Cal. Dec. 12, 2007). Under Pennsylvania law, prosecutors are absolutely immunized in their decisions whether "to initiate or move forward with a criminal prosecution." *In re Dwyer*, 406 A.2d 1355, 1359 (Pa. 1979). Each of the actions DuBose alleges by the prosecutors were undertaken in the course of their representation of the

5

United States in the criminal trial, namely, presenting evidence, making legal arguments to the Court, and making factual arguments to the jury. Accordingly, the United States may not be held liable under the FTCA because prosecutors are entitled to absolute immunity from liability for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 430-31.

**D.     *Claims involving the Federal Defender***

DuBose also asserts FTCA claims involving the actions of members of the Federal Defender's Office who were appointed by the Court to represent him in his criminal trial. Although a federal public defender is "an employee of the government," a claim concerning the provision of legal representation under 18 U.S.C. § 3006A is exempt from suit under the FTCA. *See* 28 U.S.C. § 2671 (An "employee of the government" includes "any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of Title 18.") Accordingly, DuBose's FTCA claims involving the actions of the Federal Defender are not plausible.

**III.    CONCLUSION**

An appropriate Order will be entered separately dismissing this case with prejudice since none of DuBose's FTCA are plausible. *See* Federal Rule of Civil Procedure 58(a). No leave to amend will be granted since amendment of the claims would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).

*NITZA QUIÑONES ALEJANDRO, J.*